UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————x

| | |
|---|---|
| ANDREW DELEON | : |
| Plaintiff | : |
| -against- | : |
| | : |
| | : |
| | : |
| THE CITY OF NEW YORK, and POLICE | : |
| OFFICERS FRANK ALIFFI, ANTHONY | : |
| TERILLI, JACK ANTUNES, ANDREW RUIZ, | : |
| and TIMOTHY BURKE | : |
| | : |
| Defendant(s), | : |

**COMPLAINT
AND JURY DEMAND**

No. 20-cv-8796

————————————————————x

## PRELIMINARY STATEMENT

1.      This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, and POLICE OFFICERS FRANK ALIFFI ("ALIFFI"), ANTHONY TERILLI ("TERILLI"), JACK ANTUNES ("ANTUNES"), ANDREW RUIZ ("RUIZ"), and TIMOTHY BURKE ("BURKE") of the New York City Police Department ("NYPD"), arising out of the false arrest, false imprisonment, assault and battery and use of excessive force against ANDREW DELEON ("Plaintiff").

2.      On or about October 22, 2017, ALIFFI, TERILLI, ANTUNES, RUIZ, BURKE and all members of the NYPD, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention, assault and battery and use of excessive force, for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff and his property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3.      The Plaintiff, through his attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

4.     This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5.     The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.     Venue is laid within the United States District Court for the Southern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Southern District of New York, particularly Bronx County.

## PARTIES

7.     Plaintiff, at all times relevant hereto, resided in the City and State of New York, County of Bronx.

8.     That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

9.     The NYPD was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

10.     That at all times hereinafter mentioned, and on information and belief, the defendants ALIFFI, TERILLI, ANTUNES, RUIZ, and BURKE and other members of the NYPD, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NYPD.

11.     At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

12.     That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE

CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

13.     That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

14.     On or about October 22, 2017, at approximately 8:30 p.m., plaintiff and a group of friends attended a friend's funeral at the Ortiz Funeral Home at Grand Concourse and East 188th Street.

15.     Following the funeral, plaintiff and the group of friends, which included approximately twenty people, held a vigil for the deceased friend at approximately 9:00 p.m. in the vicinity of 2308 University Avenue.

16.     At the vigil plaintiff played music from a portable speaker that was in a shopping cart.

17.     Following multiple 911 calls, ALIFFI, TERILLI, ANTUNES, RUIZ, and BURKE responded to the location where the vigil was taking place and told plaintiff to lower the music and to leave.

18.     When ALIFFI subsequently ordered plaintiff to provide him with his identification, plaintiff questioned ALIFFI about the necessity of this directive but nonetheless handed over his identification to ALIFFI.

19.     Although a videotape recording shows plaintiff handing his identification to ALIFFI, ALIFFI alleged at a hearing of the Civilian Complaint Review Board that plaintiff refused to provide his identification.

20.     Plaintiff videotaped ALIFFI, TERILLI, ANTUNES, RUIZ, and BURKE with his cellphone because he was concerned for his safety.

21.     ALIFFI then slapped plaintiff's phone out of plaintiff's hand.

22.     ALIFFI, TERILLI, ANTUNES, RUIZ, and BURKE then jumped on plaintiff, pushed him against a vehicle and handcuffed him.

23.     The defendants used so much force in handcuffing plaintiff that he thought his wrists were going to be broken. In addition, plaintiff sustained a sprain to his right pinky.

24.     Plaintiff was then forcefully pushed into a marked police vehicle.

25.     ALIFFI, TERILLI, ANTUNES, RUIZ, and BURKE confiscated from plaintiff his speaker, shopping cart, and car battery.

26.     Plaintiff was taken to the 52nd Precinct where he requested medical attention for his hand which had been injured by the defendants.

27.     At the 52nd Precinct, defendants told plaintiff he was "bullshitting" about his injury before EMS took plaintiff to St. Barnabas Hospital where he was diagnosed with a sprained right pinky finger.

28.     Plaintiff was then taken back to the 52nd Precinct where he was told that he would be released from custody and everything would go away if he made a statement exonerating the defendants.

29.     Plaintiff was pressured into making a false statement in which he claimed that the defendants treated him with the "utmost respect, care and concern" and that he did not have any injuries when the defendants brought him to the precinct.  This statement was made to PATROL DUTY CAPTAIN SCHEUBLIN of the NYPD.

30.     A videotape recording of plaintiff's arrest, which shows the defendants forcefully arresting plaintiff, and in which plaintiff can be heard complaining that the defendants are hurting him, belies his statement that he was coerced into making in the 52nd Precinct.

31.     Following his arrest plaintiff was brought to Bronx County Criminal Court where he was arraigned in AR-3 on October 23, 2017 on Docket No. 2017BX041197.

32.     Plaintiff spent approximately 24 hours in custody.

33.     On June 27, 2019, pursuant to CPL § 170.55, the case was adjourned in contemplation of dismissal.

34.     On October 24, 2017 plaintiff returned to the 52 Precinct and spoke with SERGEANT WILLIAM PATERNO ("PATERNO") about making a complaint about ALIFFI and how he treated him.

35.     PATERNO told plaintiff that it would not be possible to deal with plaintiff's complaint about ALIFFI because he was too busy.

36.     Although defendants returned plaintiff's speaker about two years after his arrest, that speaker was damaged and he had to replace it with his own money.

37.     Defendants did not return plaintiff's shopping cart or car battery or compensate him for those items.

38.     Plaintiff was thereby deprived of property worth approximately $500.00.

39.     Plaintiff suffered physical pain, including an injury to his right hand pinky finger, and emotional distress, including nightmares, because of his arrest and detention.

40.     Because of defendants' conduct, plaintiff was imprisoned, detained, restrained and held against his will and was unlawfully deprived of his liberty and property.

41.     The arrest of the plaintiff was committed by the defendants without legal process and without probable cause.

42.     Defendants acted maliciously and intentionally.

43.     As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, loss of liberty and property as well physical injury that required plaintiff to seek medical attention.

## FIRST CLAIM FOR RELIEF
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

44.     Paragraphs 1 through 43 are herein incorporated by reference.

45.      Defendants ALIFFI, TERILLI, ANTUNES, RUIZ, and BURKE subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

46.      Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

47.      As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.      In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.      Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (EXCESSIVE FORCE)

48.      Paragraphs 1 through 47 are herein incorporated by reference.

49.      Defendants ALIFFI, TERILLI, ANTUNES, RUIZ, and BURKE subjected plaintiff to excessive force when they jumped on plaintiff, pushed him against a vehicle and handcuffed him.

50.      Defendants' use of physical force against plaintiff was unnecessary, wanton, excessive, and was not applied in good-faith pursuit of Defendants' law-enforcement duties.

51.      As a result of Defendants' use of excessive force against Plaintiff, Defendants have deprived Plaintiff of his civil, constitutional and statutory rights

and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

52.     As a result of Defendants' excessive force, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.      In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.      Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
(MUNICIPAL LIABILTY)

53.     Paragraphs 1 through 52 are incorporated herein by reference.

54.     Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

55.     Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

56.     Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

57.     Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

58.    Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

59.    Defendants subjected plaintiff to false arrest and false imprisonment.

60.    Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.    In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.    Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.    Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
(FOURTH AMENDMENT VIOLATION)

61.    Paragraphs 1 through 60 are incorporated herein by reference.

62.    Defendant ALIFFI, TERILLI, ANTUNES, RUIZ, and BURKE arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

63.    That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property

without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

64. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (DUE PROCESS VIOLATION)

65. Paragraphs 1 through 64 are incorporated herein by reference.

66. Defendants ALIFFI, TERILLI, ANTUNES, RUIZ, and BURKE illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

67. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the

right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

68.    Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.    In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.    Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.    Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (TAKINGS CLAUSE VIOLATION)

69.    Paragraphs 1 through 68 are incorporated herein by reference.

70.    Defendants ALIFFI, TERILLI, ANTUNES, RUIZ, and BURKE unlawfully confiscated plaintiff's property, including a shopping cart and a car battery, without just compensation and returned plaintiff's speaker to him in a damaged condition without just compensation.

71.    That as a result of the foregoing, plaintiff has been deprived of his right that private property not be taken for public use without just compensation as secured to him by the Fifth and Fourteenth Amendments.

72.    Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.      In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.      Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

### Jury Demand

Plaintiff demands a jury trial.

Dated: New York, New York
           October 21, 2020


                                    /s/ Joshua Tarrant-Windt
                       By:   Joshua Tarrant-Windt
                             One of Plaintiff's Attorneys

**Attorneys for Plaintiff**

Jonathan A. Fink
Fink & Katz, PLLC
299 Broadway, Suite 1803
New York, New York 10007
Telephone: (212) 385-1373

Brian Bromberg
Joshua Tarrant-Windt
Bromberg Law Office, P.C.
26 Broadway, 27th Floor
New York, New York 10004
Telephone:212-248-7906