UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

ANDREW DELEON,

           Plaintiff,

     -against-

THE CITY OF NEW YORK, and POLICE OFFICERS
FRANK ALIFFI, ANTHONY TERILLI, JACK
ANTUNES, ANDREW RUIZ, and TIMOTHY BURKE,


           Defendants.

------------------------------------------------------------------------- x

**ANSWER**

20-CV-8796 (VEC)

<u>Jury Trial Demanded</u>

     Defendants, the City of New York, Sgt. Frank Aliffi, P.O. Anthony Terilli, P.O. Jack Antunes, Det. Andrew Ruiz, and P.O. Timothy Burke (hereinafter referred to as "Defendants"), by their attorney, Georgia M. Pestana, Corporation Counsel of the City of New York, for their Answer to the Complaint filed October 21, 2020, respectfully alleges, upon information and belief, as follows:

     1.   Deny the allegations in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

     2.   Deny the allegations in paragraph "2" of the Complaint, except state that the allegations that defendants were "acting under the color or law" are legal conclusions to which no response is required.

     3.   Deny the allegations in paragraph "3" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

     4.   Deny the allegations in paragraph "4" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

5.     Deny the allegations in paragraph "5"of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

6.     Deny the allegations in paragraph "6" of the Complaint, except admit that plaintiff purports to base venue in this District as stated therein.

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "7" of the Complaint.

8.     Deny the allegations in paragraph "8" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

9.     Deny the allegations in paragraph "9" of the Complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

10.     Deny the allegations in paragraph "10" of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint as they pertain to unidentified defendants, and admit that Sgt. Frank Aliffi, P.O. Anthony Terilli, P.O. Jack Antunes, Det. Andrew Ruiz, and P.O. Timothy Burke were employees of the New York City Police Department on October 22, 2017.

11.     Deny the allegations in paragraph "11" of the complaint, except state that the allegations that the defendants "were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York" are legal conclusions to which no response is required.

12.     Deny the allegations in paragraph "12" of the Complaint, except state that the allegations that the acts alleged were done "under cover and pretense of the statutes and laws

of the State of New York, and under and by virtue of their authority as police officers and employees of" the City of New York are legal conclusions to which no response is required.

13.     Deny the allegations in paragraph "13" of the Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "15" of the Complaint, except admit that plaintiff was amongst a group of people in the vicinity of 2308 University Avenue, Bronx, New York on October 22, 2017.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the Complaint, except admit  that plaintiff played loud music from a speaker.

17.     Deny the allegations in paragraph "17" of the Complaint, except admit that following multiple 911 calls, officers responded to the location and asked plaintiff to lower the music.

18.     Deny the allegations in paragraph "18" of the Complaint.

19.     Deny the allegations in paragraph "19" of the Complaint, except admit that plaintiff refused to provide his identification and respectfully refer the Court to the testimony referenced therein for a recitation of its contents.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the Complaint.

21.     Deny the allegations in paragraph "21" of the Complaint.

22.     Deny the allegations in paragraph "22" of the Complaint.

23.     Deny the allegations in paragraph "23" of the Complaint.

24.     Deny the allegations in paragraph "24" of the Complaint.

25.     Deny the allegations in paragraph "25" of the Complaint, except admit that a large sound reproduction device was confiscated.

26.     Deny the allegations in paragraph "26" of the Complaint, except admit that plaintiff was taken to the 52nd Precinct.

27.     Deny the allegations in paragraph "27" of the Complaint, except admit that plaintiff was taken to hospital for his purported injury.

28.     Deny the allegations in paragraph "28" of the Complaint.

29.     Deny the allegations in paragraph "29" of the Complaint.

30.     Deny the allegations in paragraph "30" of the Complaint.

31.     Deny the allegations in paragraph "31" of the Complaint, except admit that plaintiff was arraigned on Docket No. 2017BX041197 on October 23, 2017.

32.     Deny the allegations in paragraph "32" of the Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "33" of the Complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "34" of the Complaint.

35.     Deny the allegations in paragraph "35" of the Complaint.

36.     Deny the allegations in paragraph "36" of the Complaint, except admit that plaintiff's speaker was returned.

37.     Deny the allegations in paragraph "37" of the Complaint.

38.     Deny the allegations in paragraph "38" of the Complaint.

39.     Deny the allegations in paragraph "39" of the Complaint.

40.     Deny the allegations in paragraph "40" of the Complaint.

41.     Deny the allegations in paragraph "41" of the Complaint.

42.     Deny the allegations in paragraph "42" of the Complaint.

43.     Deny the allegations in paragraph "43" of the Complaint.

44.     In response to the allegations in paragraph "44" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

45.     Deny the allegations in paragraph "45" of the Complaint.

46.     Deny the allegations in paragraph "46" of the Complaint.

47.     Deny the allegations in paragraph "47" of the Complaint, and the unmarked subparts that follow.

48.     In response to the allegations in paragraph "48" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

49.     Deny the allegations in paragraph "49" of the Complaint.

50.     Deny the allegations in paragraph "50" of the Complaint.

51.     Deny the allegations in paragraph "51" of the Complaint.

52.     Deny the allegations in paragraph "52" of the Complaint, and the unmarked subparts that follow.

53.     In response to the allegations in paragraph "53" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

54.     Deny the allegations in paragraph "54" of the Complaint.

55.     Deny the allegations in paragraph "55" of the Complaint.

56.     Deny the allegations in paragraph "56" of the Complaint.

57.     Deny the allegations in paragraph "57" of the Complaint.

58.     Deny the allegations in paragraph "58" of the Complaint.

59.     Deny the allegations in paragraph "59" of the Complaint.

60.     Deny the allegations in paragraph "60" of the Complaint, and the unmarked subparts that follow.

61.     In response to the allegations in paragraph "61" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

62.     Deny the allegations in paragraph "61" of the Complaint.

63.     Deny the allegations in paragraph "63" of the Complaint.

64.     Deny the allegations in paragraph "64" of the Complaint, and the unmarked subparts that follow.

65.     In response to the allegations in paragraph "65" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

66.     Deny the allegations in paragraph "66" of the Complaint.

67.     Deny the allegations in paragraph "67" of the Complaint.

68.     Deny the allegations in paragraph "68" of the Complaint, and the unmarked subparts that follow.

69.     In response to the allegations in paragraph "69" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

70.     Deny the allegations in paragraph "70" of the Complaint.

71.     Deny the allegations in paragraph "71" of the Complaint.

72.     Deny the allegations in paragraph "72" of the Complaint, and the unmarked subparts that follow.

## FIRST AFFIRMATIVE DEFENSE

73.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

74.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the culpable or negligent conduct of others and was not the proximate result of any act of defendant.

## THIRD AFFIRMATIVE DEFENSE:

75.     There was probably cause for plaintiff's arrest, detention, and prosecution.

## FOURTH AFFIRMATIVE DEFENSE:

76.     Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## FIFTH AFFIRMATIVE DEFENSE:

77.     Plaintiff has failed to mitigate his alleged damages.

## SIXTH AFFIRMATIVE DEFENSE:

78.     Plaintiff's claims may be barred, in whole or in part, because he may have failed to comply with conditions precedent to suit.

## SEVENTH AFFIRMATIVE DEFENSE:

79.     Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), *et seq.*

## EIGHTH AFFIRMATIVE DEFENSE:

80.     Defendants Aliffi, Terilli, Antunes, Ruiz, and Burke, have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## NINTH AFFIRMATIVE DEFENSE:

81.     Plaintiff provoked any incident.

## TENTH AFFIRMATIVE DEFENSE:

82.     At all times relevant to the acts alleged in the complaint, defendants, and their agents and officials, acted reasonably in the proper and lawful exercise of their discretion. As a result, defendants are entitled to governmental immunity.

## ELEVENTH AFFIRMATIVE DEFENSE:

83.     Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE:

84.     Punitive damages cannot be assessed against defendant City of New York.


**WHEREFORE,** Defendants, Frank Aliffi, Anthony Terilli, Jack Antunes, Andrew Ruiz, and Timothy Burke request judgment dismissing the Complaint in its entirety, together with the

costs and disbursements of this action, and such other and further relief as the Court may deem

just and proper.

Dated:      New York, New York
            November 15, 2021

                              GEORGIA M. PESTANA
                              Corporation Counsel of the
                                City of New York
                              *Attorney for Defendants*


                    By:      _____/s/_____
                              Elissa B. Jacobs
                              *Senior Counsel*
                              Special Federal Litigation Division
                              New York City Law Department
                              100 Church Street
                              New York, New York 10007
                              (212) 356-3540

Cc: Jonathan A. Fink, Esq. (VIA ECF)
     Brian Bromberg, Esq. (VIA ECF)
     Joshua Tarrant-Windt, Esq. (VIA ECF)